## *AUSTIN & AL.* vs. *PALMER.*

If a parent make a feigned sale to a child, the property will be ordered to be collated.

But the child will retain the part of it which the parent might dispose of.

7ns 20
105 581

APPEAL from the court of probates of the parish of West-Feliciana.

MARTIN, J. delivered the opinion of the court. The appellant complains that the court of probates decreed the collation of a sum of money, which he owed to his mother, now deceased, of whose succession a partition is demanded.

He contends the court erred, because he shewed, by a notarial act, the receipt, acquit-

al, and discharge of said debt, by his mother; and because, admitting that he did not pay the said sum to her, the notarial act is evidence of a release of the debt, unless it exceeds the part of the deceased's estate which she was by law authorised to dispose of.

On a close examination of the evidence, we think it sufficiently strong to prevent our interference with the decision of the inferior judge on the question of fact; and conclude that it is established that the debt was not paid, and the receipt, acquittance, and discharge, were given with a view to afford to this party an advantage over his brothers and sisters.

But we are of opinion the court of probates erred in decreeing an absolute collation of the whole debt. The release is good for the portion of her estate which the law leaves at the disposal of a parent.

The disposable part may be given either directly or indirectly, and if a donation be of more than the disposable part, it is not therefore void, but reducible. 4 *Toulier*, 471-5. Even when the donation assumes the shape of an onerous contract, or is disguised under another form. *Id.* 479, 485.

Considering the receipt given as an advan-

tage to a child, it is a direct advantage and includes a donation, which is good, if it does not exceed one third of the donor's liquid estate. If it does, it must be reduced to the said third.

It is therefore ordered, adjudged and decreed, that the judgment of the court of probates be annulled, avoided, and reversed, and the case remanded, with directions to the judge to proceed to a new partition, without requiring the appellant to collate any part of the debt he owed to his mother, if it does not exceed the one third part of her net estate; and, in case it does, requiring him to collate the excess between the debt and the one third of the estate; and it is ordered that the appellee pay costs in this court.

*Watts* for the defendant.